UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kent State University Board of Trustees, et al., | ) ) ) | CASE NO.:  5:10CV2714 |
| Plaintiffs, | ) ) ) | JUDGE JOHN ADAMS |
| v. | ) ) ) | **ORDER** |
| Lexington Insurance Company, et al., | ) ) ) | (Resolves Docs. 12, 32) |
| Defendants. | ) ) ) | |

This matter appears before the Court on Plaintiffs' motion to remand (Doc. 12) and Plaintiffs' related motion for attorney fees (Doc. 32).  The Court has been advised, having reviewed the motions, responses, replies, pleadings, and applicable law.  For the reasons stated herein, the motion to remand is GRANTED.  The motion for attorney fees is also GRANTED as detailed herein.  The matter is hereby REMANDED to the Tuscarawas County Court of Common Pleas.

**I.  Facts**

On December 1, 2010, Defendants Lexington Insurance Company, York Risk Services Group, and James P. Sweeney, Jr. removed this action from the Tuscarawas County Court of Common Pleas.  In their notice of removal, Defendants asserted that Sweeney, an Ohio resident, was fraudulently joined to destroy diversity.  On December 21, 2010, Plaintiffs Kent State University Board of Trustees and Tuscarawas County University Branch District Board of Trustees moved to remand the matter.  On January 21, 2011, Defendants opposed the motion, and Plaintiffs replied on January 28, 2011.

On March 16, 2011, Defendants withdrew their opposition to the motion to remand and stipulated to the matter being remanded.  In response, on March 23, 2011, Plaintiffs moved for attorney fees based upon the alleged improper removal.  Defendants opposed the request, Plaintiffs replied, and the Court permitted Defendants to file a sur-reply.  The Court now resolves the pending motions.

## II. Legal Analysis

Based upon the Defendants' withdrawal of their opposition and stipulation to remand, Plaintiffs' motion to remand is GRANTED.

28 U.S.C. § 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  This provision gives the Court discretion to grant fees to the opposing party— the Court "may" grant fees—if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Sixth Circuit has similarly held that "an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005) (quoting *Ahearn v. Charter Twp. of Bloomfield*, No. 97-1187, 1998 WL 384558, at *2 (6th Cir. June 18, 1998)) (emphasis in original).

Defendants' removal was based upon a belief that Sweeney had been fraudulently joined in this matter.  The Sixth Circuit

> has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.  To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.  However, if there is a

2

>colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling … state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 492-93 (6th Cir. 1999) (citations and quotations omitted).

Based upon the above standard, the Court finds that an award of attorney fees is appropriate. The Court recognizes that there is a gray area in Ohio law surrounding the liability of an agent of a disclosed insurer. *Compare Wiseman v. Universal Underwriters Ins. Co.*, 412 F.Supp. 2d 810 (S.D.Ohio 2005) *with Technology Strategies*, *Inc. v. Transcontinental Ins. Co.*, Case No. 5:03CV2439 (N.D.Ohio Feb. 9, 2004). Indeed, Plaintiffs and Defendants have both put forward a series of precedents in support of their positions.

The Court notes that none of the precedents set forth contains a set of facts identical to the facts set forth herein. As such, none of the precedents compel a certain result. Given the unsettled nature of Ohio law on this issue and the *Coyne* standard, remand was a foregone conclusion. Moreover, as the Defendants were well aware of the standard for fraudulent joinder – requiring any ambiguity in controlling law to be resolved in favor of the non-removing party – they could not have had an objective basis for removing this matter. In summary, armed with the knowledge that any doubt about the propriety of removal would be resolved in favor of remand, Defendants could not have believed that removal was appropriate.

In addition to determining that an award of fees is appropriate, the Court must also determine the reasonable amount of such an award. Determining a reasonable fee begins with calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This product has

come to be known as the "lodestar." *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 642 (6th Cir. 2009). The Court must indulge a "strong presumption" that the lodestar "represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

To calculate the lodestar, the Court must first determine a reasonable hourly rate. "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). "A useful guideline in determining a reasonable hourly rate is the 'prevailing market rate in the relevant community.'" *Dowling v. Litton Loan Servicing LP*, 320 Fed. Appx. 442, 447 (6th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)) (alteration omitted). The prevailing market rate is defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command[.]" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). "The appropriate rate, therefore, is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue[.]" G*onter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007).

The proposed hourly rate submitted by Plaintiffs, $125 per hour for attorney work and $65 per hour for paralegal work, is far below the hourly rate approved in numerous types of cases within this area. For example, a colleague on this Court has previously approved $100 per hour for work done by paralegals while approving $300 per hour for attorney work. *See Dobina v. Carruthers*, 2010 WL 1796345 (N.D.Ohio May 3, 2010) (awarding attorney fees in relatively uncomplicated fair debt action). Accordingly, the rate sought by Plaintiffs is far below the market rate. As Plaintiffs have not requested a higher rate at any point, the Court will adopt their hourly rates as reasonable.

4

Defendants assert that Plaintiffs have failed to sufficiently demonstrate through detailed evidence the nature and extent of their incurred fees.  The Court acknowledges that Plaintiffs have not offered specific billing records for each hour expended on the filings and research surrounding the remand issue.  However, the Court also acknowledges that Plaintiffs are represented by the Ohio Attorney General's office and as such the attorneys do not keep records similar to those used by attorneys in private practice.

Contrary to Defendants' argument, the Court and counsel are fully capable of reviewing in a meaningful manner the fees sought by Plaintiffs.  The fee award sought is related solely to the issue of remand.  Such an award involves a limited number of filings and court appearances.  Accordingly, there is not an expansive record to review to determine the reasonableness of the hours expended.

In their motion, Plaintiffs seek attorney fees for 165.5 hours and fees for 16.5 hours of paralegal time.  The Court has reviewed each of the filings that it deems related to the issue of remand.  These filings included Plaintiffs' 27-page motion to remand, Plaintiffs' motion to stay briefing on other motions pending the resolution of the motion to remand, Plaintiffs' 9-page reply brief in support of remand, Plaintiffs' 3-page motion for attorney fees, and Plaintiffs' 11-page reply brief in support of its motion for attorney fees.

Plaintiffs' request for fees must be reduced for several reasons.  First, "if the plaintiff has achieved only partial success, the award may be adjusted as necessary to achieve a reasonable result."  *Dowling*, 320 Fed. Appx. at 446.  In the instant matter, Plaintiffs were successful on their motion to remand.  However, a portion of that motion, and no doubt a portion of the research required to prepare the motion, presented argument on the common defense doctrine.  The Court does not believe that Plaintiffs, even if successful on this argument, could support a

request for fees based solely upon that theory.  As such, the Court is not inclined to issue an award of fees related to that issue.

In addition, the Court does not believe that the total number of hours sought by Plaintiffs is properly recovered as in support of remand.  Attorney Kasai detailed that 46 hours were spent on activities beyond the direct filings related to remand.  However, at least one of the activities within those hours, drafting the motion to stay, was directly related to the motion to remand.  Plaintiffs also indicate that 7.5 paralegal hours were spent learning the Court's electronic filing system.  Accordingly, the Court is left to determine the reasonable number of hours related to the remand procedures.

The Court finds that all of the paralegal hours were reasonable.  But for the removal by Defendants, there would have been no need to learn this Court's electronic filing system.  As such, the 7.5 hours of administrative work are properly recovered.  In addition, the Court finds that 9 hours of research by a paralegal is also reasonable.  This leaves remaining Plaintiffs' request of 165.5 hours of attorney time.  At least a portion of the 46 hours Attorney Kasai spent on other matters will be removed.  As that work was done on other motions that will likely be resolved in state court, the Court will not award fees related to that work.  The Court, however, will award 3 hours for the preparation of the motion to stay.  In addition, the Court finds that a reasonable number of hours for the preparation of the motion to remand and reply and discussion of the motion with the Court would be 75 hours.  Finally, the Court will allow a limited number of hours, 2, for the preparation of the motion for attorney fees.  Accordingly, the Court will allow a total of 80 hours of attorney time and 16.5 hours of paralegal.

At $125 per hour, Plaintiffs are awarded $10,000 in attorney fees, and at $65 per hour, Plaintiffs are entitled to $1,072.50.  Accordingly, the Court hereby awards fees in the total amount of $11,072.50.

In so finding, the Court is cognizant of the fact that the award is much lower than that sought by Plaintiffs.  Moreover, the Court is cognizant of Defendants' argument that the hours requested by Plaintiffs should have been further detailed.  However, the Court has had the opportunity to not only review the filings in this matter, but was able to personally observe counsel during numerous proceedings.  There can be no doubt that this matter should not have been removed under the Sixth Circuit's precedents.  The Court, therefore, has chosen to exercise its discretion to award fees as described above.

### III. Conclusion

Plaintiff's motion to remand is GRANTED.  This matter is hereby REMANDED to the Tuscarawas County Court of Common Pleas.  Plaintiffs are awarded attorney fees in the total amount of $11,072.50.

IT IS SO ORDERED.

Dated: April 25, 2011          /s/ Judge John R. Adams
                               JUDGE JOHN R. ADAMS
                               UNITED STATES DISTRICT COURT